United States District Court
Southern District of Texas

**ENTERED**

May 29, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RICHARDSON, | § | |
| TDCJ #02280374, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-24-1546 |
| ERIC GUERRERO,[1] Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Johnny Richardson (TDCJ #2280374) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a judgment of conviction that was entered against him in 2019. He has also filed an Unsworn Declaration of Facts ("Petitioner's Declaration") (Docket Entry No. 3) and a Memorandum Brief in Support of Application for Writ of 2254 ("Petitioner's Memorandum") (Docket Entry No. 4). The respondent has filed Respondent's Answer with Brief in Support ("Respondent's Answer") (Docket Entry

---

[1]Bobby Lumpkin was the previous named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of the Texas Department of Criminal Justice – Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

No. 18), which argues that the Petition is barred by the governing statute of limitations.  Richardson has filed a Motion for Reconsideration ("Petitioner's Reply") (Docket Entry No. 21), which the court construes as a reply to Respondent's Answer.  After considering the pleadings, the state court records, and the applicable law, the court will dismiss this action for the reasons explained below.

## I.  **Background**

In May of 2019 a grand jury in Harris County, Texas, returned an indictment against Richardson in Cause No. 162447501010 charging him with aggravated robbery with a deadly weapon with two enhancement paragraphs alleging prior convictions for felony theft of a motor vehicle and felony aggravated robbery.[2]  Richardson pleaded guilty to the aggravated robbery charge and plead true to the enhancement paragraphs.[3]  On August 27, 2019, Richardson was sentenced to forty years in prison.[4]

On August 18, 2020, Richardson executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction

---

[2]See Petition, Docket Entry No. 1, p. 1; Indictment, Docket Entry No. 17-1, p. 16.  For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[3]Judgment of Conviction by Court – Waiver of Jury Trial ("Judgment"), Docket Entry No. 17-1, pp. 23-24; see also Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Docket Entry No. 17-1, pp. 26-27.

[4]Judgment, Docket Entry No. 17-1, pp. 23-24.

-2-

Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application") asserting several claims for habeas relief.[5]

On April 5, 2021, Richardson filed a direct appeal of his sentence, arguing that his trial attorney mislead him into believing he would receive only a 6-month deferred sentence if he pleaded guilty.[6] On May 25, 2021, the Fourteenth Court of Appeals dismissed his appeal as untimely.[7]

On December 30, 2021, the trial court entered Findings of Fact, Conclusions of Law and Order ("FFCL") and recommended that relief sought in the State Habeas Application be denied.[8] On April 6, 2022, the Texas Court of Criminal Appeals issued an order remanding the case to the trial court for supplemental findings of

---

[5]State Habeas Application, Docket Entry No. 17-11, pp. 4-25. "[U]nder Texas law the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court." Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013). Richardson does not indicate the date on which he submitted his State Habeas Application to prison officials for delivery to the Harris County District Clerk's Office, where it was stamped as received on August 31, 2020. See State Habeas Application, Docket Entry No. 17-11, p. 4. Using the date most favorable to Richardson, the court considers that his State Habeas Application was filed on the date he signed it. See id. at 19.

[6]See Requesting Appeal in the Above Cause No. [1624475], Docket Entry No. 17-1, p. 58.

[7]See Richardson v. State, No. 14-21-00188-CR, 2021 WL 2099547, at *1 (Tex. App.—Houston [14th Dist.] May 25, 2021, no pet.) (per curiam) (concluding that Richardson's notice of appeal was not timely filed in compliance with Tex. R. App. P. 26.2(a)(1)); Memorandum Opinion from the Fourteenth Court of Appeals, Docket Entry No. 17-2, p. 2.

[8]FFCL, Docket Entry No. 17-12, pp. 46-49.

fact and conclusions of law concerning one of Richardson's claims.[9] On June 24, 2022, the trial court adopted the State's Proposed Supplemental Findings of Fact, Conclusions of Law and Order Following Remand ("FFCL Following Remand") and recommended that relief be denied.[10]    On September 7, 2022, the Texas Court of Criminal Appeals denied Richardson's State Habeas Application without written order on the findings of the trial court without a hearing and on the court's independent review of the record.[11]

Richardson has now filed a federal habeas corpus Petition, which is dated April 18, 2024.[12]    Richardson seeks relief from his conviction for the following reasons:

1.    He was denied effective assistance of counsel by his trial attorney, who failed to conduct an investigation or file a motion to suppress evidence and misled him about the consequences of his guilty plea.

2.    The trial court denied his request for appointment of new counsel to file a motion to withdraw his guilty plea.

3.    His plea of guilty was involuntarily made because his trial attorney assured him that he would receive a suspended sentence and drug treatment.[13]

---

[9]See Order filed April 6, 2022, On Application for a Writ of Habeas Corpus, Cause No. 1624475-A in the 179th District Court from Harris County, Docket Entry No. 17-13, pp. 5-6.

[10]FFCL Following Remand, Docket Entry No. 17-13, pp. 27-30.

[11]Action Taken on Application No. WR-92,586-01, Docket Entry No. 17-14.

[12]Petition, Docket Entry No. 1, p. 15 (certifying that Richardson placed his Petition in the prison mail system on April 18, 2024).

[13]See id. at 5-9, 16-17; Petitioner's Declaration, Docket Entry No. 3, p. 1; Petitioner's Memorandum, Docket Entry No. 4.

-4-

The respondent has filed an Answer arguing that the Petition is barred by the statute of limitations.[14]   Richardson has filed a Reply.[15]

## II.  **Discussion**

### A.   **The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of —

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Judgment was entered against Richardson in his state criminal case on August 27, 2019.[16]   Richardson did not file a timely direct

---

[14]<u>See</u> Respondent's Answer, Docket Entry No. 18, pp. 1, 5-9.

[15]<u>See</u> Petitioner's Reply, Docket Entry No. 21.

[16]<u>See</u> Judgment, Docket Entry No. 17-1, pp. 23-24.

appeal of the conviction.[17]    Richardson's conviction therefore became final on Thursday, September 26, 2019, when the 30-day time period for filing a notice of appeal expired.  See Tex. R. App. P. 26.2(a)(1).    Absent any tolling, the deadline for Richardson to file a timely federal habeas petition challenging his state court conviction was Monday, September 28, 2020.[18]

The federal Petition filed by Richardson on April 18, 2024, is over three and a half years (1,298 days) too late and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.[19]

_____

[17]Richardson did not file a direct appeal of his conviction until April 5, 2021, which was well beyond the 30-day time period in which he could file an appeal.  As discussed earlier, the direct appeal was dismissed as untimely.

[18]Because the one-year period from September 26, 2019, ended on Saturday, September 26, 2020, the period is extended until the next working day, which was Monday, September 28, 2020.  See Fed. R. Civ. P. 6(a)(1)(C).

[19]In Petitioner's Reply, Richardson appears to argue that the one-year limitations period contained in § 2244(d)(1)(B) should apply because his property being lost during his transfer between prison units counts as a state action that impeded him from timely filing his federal Petition.  (See Petitioner's Reply, Docket Entry No. 21, p. 2.)  Richardson, however, does not demonstrate that he is entitled to statutory tolling under § 2244(d)(1)(B) because conclusory allegations that a lack of legal materials prevented timely filing of a habeas petition do not meet the petitioner's burden to show that he is entitled to tolling under § 2244(d)(1)(B).  See Krause v. Thaler, 637 F.3d 558, 562 (5th Cir. 2011) (explaining that petitioner who did not allege any facts in support of his argument that lack of legal materials prevented timely filing was not entitled to statutory tolling under § 2244(d)(1)(B)).  Richardson does not offer any specific facts in support of his argument that the loss of his legal materials entitles him to statutory tolling.

-6-

**B.    Statutory Tolling Will Not Save Richardson's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review.

Richardson's State Habeas Application, which was executed by him on August 18, 2020, and denied by the Texas Court of Criminal Appeals on September 7, 2022, was pending for a total of 750 days. Although the post-conviction application extends the AEDPA deadline under § 2244(d)(2) from Monday, September 28, 2020, until Tuesday, October 18, 2022, the amount of statutory tolling available is not sufficient to render the pending Petition timely.   The pending federal Petition, which was not filed with this court until April 18, 2024, is one year and six months (548 days) late.

**C.    Equitable Tolling Is Not Warranted**

The one-year AEDPA limitations period may also be subject to equitable tolling.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling, however, "is only available in 'rare and exceptional circumstances.'"  Clark v. Davis, 850 F.3d 770, 784 (5th Cir. 2017) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Equitable tolling "'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Sutton v. Cain, 722 F.3d 312, 317 (5th Cir. 2013) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).

-7-

"'To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (quoting Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007)); accord Holland, 130 S. Ct. at 2560. "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and this determination is "made on a case-by-case basis." Holland, 130 S. Ct. at 2563, 2564. Moreover, "[e]quity is not intended for those who sleep on their rights." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)) (internal quotation marks omitted). While the petitioner bears the burden of establishing that equitable tolling is warranted, the decision of whether to invoke equitable tolling is left to the discretion of the district court. See Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Richardson argues that the one-year statute of limitations period contained in 28 U.S.C. § 2244(d) does not bar the Petition because he did not have access to his legal property while he was being transported between TDCJ units in January of 2022.[20] Richardson asserts that "I was without my legal and property so I could not properly propergate [sic] my legal work and it delayed this process by 7 months."[21]

---

[20]See Petition, Docket Entry No. 1, pp. 13-14; see also Petitioner's Reply, Docket Entry No. 21, p. 2.

[21]Id.

-8-

Richardson has not met his burden to show that he is entitled to equitable tolling of his claims. He provides no information about how his lack of access to his property during transfer between units affected his ability to timely file a federal habeas petition. General allegations of transfer between prison units do not demonstrate that a petitioner is entitled to the benefit of equitable tolling. See, e.g., Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004), affirmed, 125 S. Ct. 2478 (2005) (holding that petitioner was not entitled to equitable tolling when he did not demonstrate that "the transfer of a prisoner from one facility to another is anything but a routine practice"); Brown v. Dretke, No. 3:02-CV-1186-R, 2004 WL 60266, at *2 (N.D. Tex. Jan. 7, 2004) (finding that petitioner was not entitled to equitable tolling and explaining that "[u]nfamiliarity with the legal process, difficulty in obtaining records, lack of money to pay for copies, and transfers between prison units are common problems among inmates who are trying to file a petition for writ of habeas corpus"); Jett v. Stephens, Civil Action No. SA-13-CV-0757-XR, 2013 WL 5656116, at *3 (W.D. Tex. Oct. 16, 2013) (finding that petitioner was not entitled to equitable tolling when petitioner (1) did not allege why the loss of his legal materials precluded him from filing a habeas petition or (2) explain why transfer between units precluded him from filing his habeas petition).

Nor does Richardson explain how being transferred in January of 2022 delayed the filing of his Petition until April 18, 2024.

-9-

Richardson fails to show that he was diligently pursuing his rights.

Because Richardson has not articulated a valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

### III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "'a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2),'" which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2569 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120 S. Ct. at 1604.  Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

-10-

### IV.  <u>Conclusion and Order</u>

The court **ORDERS** as follows:

1.  The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Johnny Richardson (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

2.  Any pending motions are **DENIED AS MOOT**.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 29th day of May, 2025.

                              SIM LAKE
                SENIOR UNITED STATES DISTRICT JUDGE